UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN SCOTT COY,

        Plaintiff,                      Hon. Gordon J. Quist

v.                                              Case No. 1:11 CV 596

COUNTY OF BARRY and
WILLIAM JOHNSON,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). As of April 29, 2010, Plaintiff owned a lawn care business. On that date, Plaintiff was sentenced by the Honorable James H. Fisher to serve "90 days in jail, with the final 60 days suspended upon payment of $1,128.00, and credit for time served, plus work release."[1] Plaintiff immediately paid the $1,128.00 and on April 30, 2010, he reported to the Barry County Jail at 5:00. Upon his arrival at the jail, Plaintiff reported to Captain William Johnson of the Barry County Sheriff's Department. Plaintiff informed Captain Johnson

---

[1] Plaintiff was sentenced pursuant to a guilty plea to the charge of negligent homicide. (Dkt. #49 at 1).

that "Judge Fisher had granted him work release." Johnson acknowledged such, but informed Plaintiff that he had to first speak with the judge before releasing him to attend work.

Despite repeated reminders that "Judge Fisher had ordered that he be released daily on work release," Plaintiff was not permitted to leave the jail. On May 5, 2010, Plaintiff met with Captain Johnson and "implored. . .that he be released on work release, as the Judge had ordered." Captain Johnson refused on the ground that Plaintiff "did not have worker's compensation insurance for his business." Plaintiff indicated that he "did not need or want worker's compensation insurance" and reiterated his request that Captain Johnson comply with the judge's order authorizing him to be released to attend work. Plaintiff continued, without success, to request that he be permitted to attend work. On May 9, 2010, Plaintiff was permitted to leave the jail on work release.

Alleging that because his participation in the work release program was delayed, he "has suffered and will continue to suffer a loss of customers and a loss of income," Plaintiff initiated the present action against Captain Johnson and Barry County asserting various causes of action as detailed below. Defendants now move for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.       Captain William Johnson**

Plaintiff has asserted three separate claims against Defendant Johnson: (1) violation of his right to procedural due process; (2) false imprisonment; and (3) gross negligence.[2]

      A.    Due Process

Plaintiff argues that he had a constitutionally protected liberty interest in participating in the work release program. Plaintiff further argues that, Defendant Johnson, by delaying his participation in the work release program, violated his due process rights. The Court disagrees.

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or certain liberty or property interests the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 551 U.S. 291 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). However, the Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. The first step, therefore, in assessing whether Plaintiff suffered a violation of his procedural due process rights is to determine whether he was deprived of a constitutionally protected liberty interest.

A constitutionally protected liberty interest exists only in circumstances in which an individual is subjected to "restraint which, while not exceeding the sentence in such an unexpected

---

[2] Plaintiff also asserted an Eighth Amendment claim which he has since expressly abandoned. (Dkt. #49 at 1 n.1).

manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also, Bazzetta v. McGinnis*, 430 F.3d 795, 798 (6th Cir. 2005). As the *Sandin* Court further noted, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485.

As the Supreme Court has long made clear, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). If the underlying conviction is valid, "the criminal defendant has been constitutionally deprived of his liberty." *Id.* Nevertheless, a state can, through the enactment of certain statutory or regulatory measures, create a protected liberty interest in release or relief from a valid prison sentence. *See, e.g., Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 463-64 (1981). Plaintiff argues that this is precisely what the State of Michigan has accomplished through its authorization of work release programs.

Pursuant to Michigan law, "a sentence or commitment of a person to a county jail for any reason may grant to the person the *privilege* of leaving the jail during necessary and reasonable hours" to "[c]onduct[] his or her own self-employed business or occupation." Mich. Comp. Laws § 801.251(1) (emphasis added). This provision further provides, however, that "[t]he court may withdraw the *privilege* at any time by order entered with or without notice." Mich. Comp. Laws § 801.251(1) (emphasis added). The Michigan Court of Appeals has held that this provision, because it permits the privilege of work release to be revoked at any time without notice, does not confer on a prisoner a constitutionally protected liberty interest in participating in work release because such does not create

a "protectible expectation of the privilege." *People v. Malmquist*, 400 N.W.2d 317, 319-20 (Mich. Ct. App. 1986); *see also*, *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) ("a State creates a protected liberty interest by placing substantive limitations on official discretion [but if]. . .the decisionmaker 'can deny the requested relief for any constitutionally permissible reason or *for no reason at all*,' the State has not created a constitutionally protected liberty interest") (emphasis added and internal citations omitted).

This interpretation is consistent with the testimony of Judge Fisher, who made clear that as part of his sentence he did nothing more than authorize the possibility that Plaintiff could participate in work release. (Dkt. #52, Exhibit 1). As the judge further indicated, however, Plaintiff was not permitted to participate in work release until jail officials determined that he satisfied the prerequisites for such. (Dkt. #52, Exhibit 1). Evidence submitted by Plaintiff indicates that one of the requirements with which every inmate seeking to participate in work release then had to comply was provide proof that he was covered by Workmen's Compensation or other liability insurance. (Dkt. #50, Exhibit 3). As Defendant Johnson asserts in his affidavit, Plaintiff was ineligible to participate in work release because he was not properly insured. (Dkt. #42, Exhibit 6). This is consistent with the testimony Plaintiff and Defendant Johnson offered during their respective depositions. (Dkt. #50, Coy Deposition at 127; Dkt. #50, Johnson Deposition at 41-43).

As previously noted, following Plaintiff's conviction, his liberty was properly restrained and he enjoyed no constitutional right to participate in work release or otherwise obtain release from jail prior to the expiration of his sentence. Plaintiff's argument that the state of Michigan created a protected liberty interest in his participation in the work release program is contrary to the authority and evidence discussed above. Thus, the Court concludes that Plaintiff's due process rights were not violated because he had no constitutionally protected liberty interest in participating in the work release

program.  *See, e.g., Little v. Campbell*, 1997 WL 242050 at *1 (6th Cir., May 8, 1997) ("[d]enial of placement in a work release center does not implicate a liberty interest protected by the Due Process Clause because it is not a significant and atypical hardship"); *Demeter v. Buskirk*, 2003 WL 22416082 at *3 (E.D. Pa., Oct. 20, 2003) (no due process violation where plaintiff experienced a 15-day delay in obtaining classification to work release because "no reasonable jury could find that Plaintiff's deprivation of. . .fifteen days of work release" violated his due process rights).  Accordingly, the undersigned recommends that Defendant Johnson's motion for summary judgment be granted as to this claim.

### B.    False Imprisonment

Plaintiff's claim that he was subjected to false imprisonment is likewise without merit.  Under Michigan law, a claim for false imprisonment cannot be asserted where the confinement in question was legal.  *See, e.g., Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, (Mich. Ct. App. 2003) (false imprisonment is defined under Michigan law as "an unlawful restraint on a person's liberty or freedom of movement").  Plaintiff has presented no evidence that Defendant Johnson unlawfully restrained his freedom.  Plaintiff was lawfully convicted and he has presented no evidence that the brief delay he experienced in participating in the work release program was *unlawful*.  To the contrary, the evidence submitted by both parties reveals that Defendant Johnson acted pursuant to the rules and regulations then in effect.  The undersigned, therefore, recommends that Defendant Johnson be granted summary judgment as to this claim.

        C.       Gross Negligence

Under Michigan law, gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(7). As Plaintiff cannot demonstrate that he suffered a legally cognizable injury he cannot establish that Defendant Johnson's conduct violated this standard. Accordingly, the undersigned recommends that Defendant Johnson's motion for summary judgment be granted as to this claim.

**II.**       **Barry County**

With respect to Barry County, Plaintiff asserts a single claim - that he was subjected to unconstitutional confinement. Specifically, Plaintiff alleges that Barry County failed to properly train its employees and had in place an unconstitutional policy of not releasing inmates on work release.

Barry County is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against Barry County, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Barry County policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Barry County had notice or constructive notice of such; (3) that Barry County tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy

of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff's claim fails for several reasons. First, Plaintiff has failed to demonstrate that he suffered a constitutional deprivation. He has likewise failed to present any evidence that such was the result of a "clear and persistent pattern" of illegal activity of which Barry County had notice. Finally, Plaintiff has failed to present any evidence that Barry County tacitly approved of the allegedly illegal activity. The undersigned recommends, therefore, that Barry County's motion for summary judgment be granted as to this claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #41), be **granted** and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 1, 2012                                 /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge